IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


AUBREY SAVAGE,

    Petitioner,

v.                                              Civ. 15-1102 MCA/GBW

UNKNOWN PERSONS and THE ATTORNEY
GENERAL OF THE STATE OF NEW MEXICO,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner's second amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Doc. 9.* I find that Petitioner has filed a mixed petition containing both exhausted and unexhausted claims. Petitioner will be given thirty days to voluntarily dismiss his unexhausted claims or to provide evidence that he has properly exhausted those claims in state court. If, within thirty days, Petitioner does not provide evidence of exhaustion and does not elect to dismiss the unexhausted claims, I recommend dismissing his petition without prejudice.

I. **BACKGROUND**

On January 18, 2009, Yurhonnd DeLoach was shot and killed during an altercation in Hobbs, New Mexico. *See doc. 16*, Ex. C at 2-8. As a result, Petitioner was charged with first degree willful and deliberate murder (Count 1) and possession of a firearm by a felon (Count 2). *Id.*, Ex. O. On September 14, 2009, Petitioner entered a

guilty plea as to Count 2, but proceeded to a jury trial on Count 1 before Honorable William Shoobridge. *Id*. Petitioner was represented by Jesse Cosby and the state was represented by Dianna Luce. *Id*. On September 18, 2009, the jury found Petitioner guilty and the judge sentenced him to a term of life imprisonment[1] as to Count 1, plus 18 months incarceration as to Count 2, for a total of 31.5 years in the custody of the New Mexico Corrections Department. *Id*., Ex. A, O.

Petitioner appealed to the New Mexico Supreme Court, arguing that: (1) the evidence was insufficient to support a conviction for first degree murder; (2) the trial court erred in refusing to instruct the jury as to voluntary and/or involuntary manslaughter; and (3) he was denied his Sixth Amendment right to confront witnesses against him when the State called the supervising pathologist, rather than the pathology fellow (identified by Petitioner as "the person who actually conducted the autopsy[]") to testify. *See id*., Ex. B, E at 32. The New Mexico Supreme Court affirmed. *See id*., Ex. H.

On November 18, 2011, Petitioner filed a state habeas corpus petition, asserting that: (1) his trial counsel, Jesse R. Cosby, was ineffective for failing "to conduct [a] proper pretrial investigation [and] demand complete discovery" regarding the victim's possible ownership of a .380 handgun discovered near the scene of the crime; (2) state actors conspired to secure a conviction, in violation of NMSA 1978, § 30-28-2 and 18

---

[1] In New Mexico, a "life" sentence is defined a "thirty years of imprisonment before the possibility of parole and without good time credit eligibility." *See State v. Tafoya*, 237 P.3d 693, 699 (N.M. 2010).

2

U.S.C. § 371; (3) the prosecuting attorney engaged in misconduct by failing to correct allegedly false testimony provided by Arteca Heckard and by intentionally withholding exculpatory evidence (potential witness Taz Jackson); (4) his conviction was obtained in violation of *Brady v. Maryland*;[2] and (5) he was denied his right to confront, among others, "the doctor who really conducted the autopsy." *See id.*, Ex. J at 8-9.  Following an evidentiary hearing at which Petitioner was represented by Geoffrey D. Scovil as habeas counsel, State District Judge Darren Kugler dismissed the petition.  *See id.*, Ex. K-1, K-2, L.

Thereafter, in a timely filed petition for writ of certiorari, Petitioner reasserted his conspiracy, prosecutorial-misconduct, and Confrontation Clause claims.  *See id.*, Ex. M. In his certiorari petition, however, Petitioner did not re-allege Mr. Cosby's ineffectiveness; in fact, he did not even mention Mr. Cosby.  *See generally id.*, Ex. M. Instead, he brought a new ineffective-assistance claim against a different attorney. Specifically, Petitioner alleged that his habeas counsel, Mr. Scovil, performed deficiently by failing to challenge what Petitioner insisted was an improper encounter between Judge Kugler and Judge Shoobridge, who was a witness, immediately prior to the evidentiary hearing.  *See id.*, Ex. M at 1-2, 8-9.

---

[2] 373 U.S. 83 (1963).

Similarly, Petitioner did not reassert an independent *Brady* claim[3] in his request for certiorari review. *See id.*, Ex. M. The New Mexico Supreme Court denied relief by Order of July 27, 2015. *See id.*, Ex. N.

On December 7, 2015, in this Court, Petitioner filed the instant action pursuant to 28 U.S.C. § 2254. *See doc. 1*. He filed an amended petition on January 11, 2016, and finally, on February 22, 2016, the second amended petition that currently is before this Court. *See docs. 6, 9*. For purposes of the "in custody" requirement of 28 U.S.C § 2254, Petitioner was in custody at the time he filed, and remains in custody. Respondents, adhering to the Court's directive to inform the Court as to the status of Petitioner's state proceedings, filed their answer to the Petition on May 2, 2016. *See docs. 10, 16*.

## II.    LAW REGARDING THE EXHAUSTION REQUIREMENT

A federal court cannot grant a petition for *habeas corpus* under § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "A claim has been exhausted when it has been 'fairly presented' to the state court." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006).

> "Fair presentation" requires more than presenting all the facts necessary to support the federal claim to the state court or articulating a somewhat similar state-law claim. "Fair presentation" means that the petitioner has raised the "substance" of the federal claim in state court. The petitioner need not cite book and verse on the federal constitution, but the petitioner cannot assert entirely different arguments from those raised before the state court.

---

[3] In apparent support of his argument that Judge Shoobridge should have recused himself, Petitioner stated only: "The denial of confrontation/Brady Violation." *Doc. 16*, Ex. M at 6.

4

*Id*. (quotations and citations omitted).  Moreover, to exhaust a claim, a state prisoner must pursue it through "one complete round of the State's established appellate review process," giving the state courts a "full and fair opportunity" to correct alleged constitutional errors.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  If a state prisoner has not properly exhausted state remedies, the federal courts ordinarily will not entertain an application for a writ of habeas corpus unless exhaustion would have been futile because either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. §§ 2254(b)(1)(B)(i)-(ii).  "The state prisoner bears the burden of proving that he exhausted state court remedies, or that exhaustion would have been futile."[4]  *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (citations omitted).

### III. PETITIONER'S CLAIMS AND STATUS OF EXHAUSTION

   *i.   Ground One*

As his first ground for relief, Petitioner argues that (1) Judge Shoobridge, (2) the prosecuting attorney, Dianna Luce, and (3) his defense counsel, Jesse Cosby, conspired to deny Petitioner his state and federal constitutional rights.  *Doc. 9* at 11.  In support of the alleged conspiracy, at least as it pertains to Judge Shoobridge and Ms. Luce, Petitioner states that the judge and Ms. Luce were former law-firm colleagues who

---

[4] Petitioner has not argued—and the record does not indicate—that either of these excuses for failure to exhaust is present in this case.

"conspired to conceal their former relationship in violation of the Code of Judicial Conduct[, and that this] conflict of interest . . . was not known at Mr. Savage's trial . . . ." *Doc. 9* at 13. Petitioner contends that, as a result of Judge Shoobridge's failure to recuse himself, his right to a fundamentally fair trial was compromised. *See id*. at 14-15, 27.

In his state habeas and certiorari petitions, Petitioner alleged the existence of a conspiracy between Judge Shoobridge and Ms. Luce. *See doc. 16*, Ex. J at 8, 11-12; Ex. M at 2. However, he failed to allege any conspiratorial involvement by Mr. Cosby. *See generally id.*, Ex. J, M. Therefore, the undersigned concludes that Ground One is exhausted only insofar as it alleges a conspiracy involving Judge Shoobridge and Ms. Luce. Any allegation about a conspiracy involving Mr. Cosby is unexhausted.

  ii. *Ground Two*

Petitioner next asserts that Ms. Luce engaged in prosecutorial misconduct by presenting testimony from Arteca Heckard that Ms. Luce knew to be false. *Doc. 9* at 11. Petitioner exhausted available state-court remedies as to this issue by raising it in his state habeas petition and again in his petition for writ of certiorari. *See doc. 16*, Ex. J at 8; Ex. M at 2.

  iii. *Ground Three*

Although he refers to a *Brady* violation in his third ground for relief, Petitioner repeats his argument that he was denied his Sixth Amendment right to confront the witnesses against him when Dr. Nolte, rather than Dr. Jackson, testified about the

6

autopsy performed on the victim.[5]  *See doc. 9* at 12.  Petitioner has exhausted available state-court remedies as to the Confrontation Clause issue by raising it on direct appeal, as well as in post-conviction proceedings.  *See doc. 16*, Ex. E at 26-34; Ex. J at 9; Ex. M at 2.

  *iv.*  *Ground Four*

Petitioner next asserts that Ms. Luce engaged in prosecutorial misconduct by introducing evidence of a .380 handgun found at the scene despite its alleged irrelevance.  *See doc. 9* at 12.  Petitioner has not raised this issue in his direct state appeal nor his state habeas petition.  *See generally doc. 16*, Ex. E, J, M.  As such, it is unexhausted.

  *v.*  *Ground Five – Part One*

Petitioner also claims that he was denied effective assistance of trial counsel because, according to Petitioner, Jesse Cosby failed to: (i) conduct a basic pre-trial investigation which would have revealed the relationship between Judge Shoobridge and Ms. Luce; (ii) object to the admission of the irrelevant handgun; and (iii) challenge Ms. Heckard's allegedly perjured testimony.  *Doc. 9* at 4, 5, 12.  The sole ineffective-assistance-of-trial-counsel claim that Petitioner raised in his state habeas petition was that Mr. Cosby had failed to investigate ownership of the .380 handgun, not its relevance or irrelevance.  *See doc. 16*, Ex. J at 9-10.  But Petitioner did not reassert this

---

[5] The undersigned interprets Petitioner's *Brady* claim as arising from his stated belief that Dr. Jackson had been "excluded from trial."  *Doc. 9* at 12.

claim, or any other claim based on Mr. Cosby's ineffectiveness, in his petition for writ of certiorari to the New Mexico Supreme Court. *See generally id.*, Ex. M. Therefore, none of Petitioner's claims based on trial counsel's alleged ineffectiveness are exhausted.

    *vi.    Ground Five – Part Two*

Finally, Petitioner claims that his state habeas counsel, Mr. Scovil, failed to provide effective assistance of counsel because "[Mr.] Scovil in letters and through VIA [sic] phone attempted to trick and confuse, coerce and threaten defendant into withdrawing his granted evidentiary hearing." Doc. 9 at 34; *see also id*. at 12. Petitioner never made any such claim in state court.[6] Therefore, Petitioner's claim based on habeas counsel's alleged ineffectiveness is not exhausted.

### IV.    PETITIONER SHOULD BE GIVEN THIRTY DAYS TO DISMISS HIS UNEXHAUSTED CLAIMS

    **A.    Treatment of a Mixed Petition**

Because Petitioner's § 2254 petition contains both exhausted and unexhausted claims, it is "mixed." *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). When a petition is mixed, the Court has four options: it can "(1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the

---

[6] Petitioner did raise a different claim against habeas counsel for the first time in his petition for writ of certiorari to the New Mexico Supreme Court after the denial of his state habeas petition – that Mr. Scovil was ineffective for failing to pursue Petitioner's complaint that Judge Kugler and Judge Shoobridge dined together prior to the habeas evidentiary hearing. *See doc. 16*, Ex. M at 1-2, 8-9.

unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit." *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (citations omitted).

### B. Recommendation Regarding the Instant Petition

Respondent requests that the Court select the fourth option.[7] However, given that the majority of Petitioner's claims are unexhausted, and that the unexhausted claims appear to be the most significant and involved, it is not judicially efficient to adjudicate the merits of the unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (strict enforcement of the exhaustion requirement is desirable because it "promotes comity and does not unreasonably impair the prisoner's right to relief"); *see also Rockwell v. Yukins*, 217 F.3d 421, 425 (10th Cir. 2000) (explaining that ruling on a mixed petition is only appropriate where exceptional circumstances excuse the failure to exhaust the unexhausted claims). Therefore, the undersigned will initially follow the third option and give Petitioner an opportunity to dismiss the unexhausted claims. If he does so, the undersigned will review the remaining claims on their merits. If

---

[7] "A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." 28 U.S.C. § 2254(c). Requesting option four is not such an express waiver. Here, the State repeatedly asserts the lack of exhaustion and explicitly describes the petition as "mixed." Consequently, the Court may not grant Petitioner any relief, and the Court may proceed to the merits only if it is willing to hold all the claims to be meritless. Under these circumstances, the State has not waived, expressly or otherwise, the exhaustion requirement.

Petitioner fails to do so, the undersigned recommends the first option – dismissal of the mixed petition in its entirety without prejudice.

IV. **CONCLUSION**

As set forth above, I have found that Petitioner has failed to exhaust the following grounds for relief:

(1) Ground One to the extent it alleges the conspiratorial involvement of Mr. Cosby;

(2) Ground Four in its entirety;

(3) Ground Five regarding the ineffectiveness of trial counsel; and

(4) Ground Five regarding the ineffectiveness of habeas counsel.

Petitioner shall have thirty days to file a notice with the Court agreeing to voluntarily dismiss each of the claims identified above or provide evidence demonstrating exhaustion. If Petitioner fails to dismiss the unexhausted claims or provide sufficient evidence of exhaustion, I recommend that the Court dismiss his petition in its entirety. Failure to respond will constitute a refusal to dismiss the unexhausted claims.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**