IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AUBREY SAVAGE,

    Petitioner,

v.                                                              Civ. 15-1102 MCA/GBW

UNKNOWN PERSONS and THE ATTORNEY
GENERAL OF THE STATE OF NEW MEXICO,

    Respondents.

## ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AND GRANTING MOTION TO DISMISS

THIS MATTER is before the Court on the Proposed Findings and Recommended Disposition (*doc. 20*) and Petitioner's Motion to Withdraw or Stay Habeas Petition (*doc. 21*).

On July 8, 2016, Magistrate Judge Wormuth filed Proposed Findings and Recommended Disposition ("PFRD") (*doc. 20*). In the PFRD, he concluded that several of Petitioner's claims were unexhausted. *See generally doc. 20*. Judge Wormuth recommended that the Court permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims. *See Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (citations omitted). He further recommended that, if Petitioner refused to dismiss the unexhausted claims, the Court dismiss the Petition in its entirety. Therefore, Petitioner was directed to file a notice with the Court within thirty days if he agreed to voluntarily dismiss the unexhausted claims.

Neither party has filed objections to the PFRD. Upon review of the record, I concur with, and will adopt, the PFRD (*doc. 20*). Specifically, the Court finds that Petitioner has failed to exhaust the following grounds for relief: Ground One to the extent it alleges the conspiratorial involvement of Mr. Cosby; Ground Four in its entirety; Ground Five regarding the ineffectiveness of trial counsel; and Ground Five regarding the ineffectiveness of habeas counsel. As a result, the Petition is "mixed" as it includes both exhausted and unexhausted claims.

While Petitioner did not file objections to the PFRD, on July 25, 2016, Petitioner filed a Motion to Withdraw or Stay Habeas Petition (*doc. 21*). Rather than agreeing to dismiss only the unexhausted claims and have the exhausted claims adjudicated on the merits, Petitioner "wishes to withdraw the petition or stay the petition and does not seek to have the court reach the merits of any of the claims at this time." *Doc. 21* at 1. Petitioner indicates that he "will submit the unexhausted claims to the state." *Id*. In the event that Petitioner does not receive relief from the state, he intends to re-file all his claims in a federal habeas action. *Id*. By this approach, Petitioner intends to avoid the general prohibition against second and successive petitions. *Id*.; *see Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000).

With respect to Petitioner's request for a stay, the Court will deny it. While district courts retain the ability to stay a mixed habeas petition, the Supreme Court has emphatically warned that:

2

> Stay and abeyance, if employed too frequently, has the potential to undermine [the Anti-Terrorism and Effective Death Penalty Act ("AEDPA")'s] twin purposes.  Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings.  It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition . . . .  For these reasons, stay and abeyance should be available only in limited circumstances.

*Rhines v. Weber*, 544 U.S. 269, 277 (2005) (internal citations and parentheticals omitted).  Consequently, a stay and abeyance of a mixed petition may be granted only where "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  *Id.* at 278.  Petitioner has not presented any good cause for his failure to exhaust nor do his unexhausted claims appear meritorious.  Therefore, a stay is inappropriate.

With respect to Petitioner's request to dismiss his Petition in its entirety without prejudice to refiling, the Court will grant it.  However, Petitioner is hereby advised that, for the purposes of the one-year limitations period within which any §2254 petition must be filed, the time during which his federal habeas petition was pending in this Court was not tolled.  *See York v. Galetka*, 314 F.3d 522, 524 (10th Cir. 2003).  Petitioner should keep that fact in mind should he seek to re-file in federal court.

Wherefore, the Proposed Findings and Recommended Disposition (*doc. 20*) is ADOPTED and Petitioner's Motion to Withdraw or Stay Habeas Petition (*doc. 21*) is

DENIED IN PART AND GRANTED IN PART. Petitioner's request for a stay is denied.

The Petition is DISMISSED WITHOUT PREJUDICE.

    IT IS SO ORDERED.

                                                  M. CHRISTINA ARMIJO
                                                  CHIEF UNITED STATES DISTRICT JUDGE